## Myers v. Eckerson.

*Insurance—Life insurance—Change of beneficiary—Policies made payable to sister of insured if she survived him.*

1. Where policies were payable to the insured at the end of an endowment period or to his executors or administrators if he died before the end of the endowment period, but he directed the insurance company to pay the policies to his sister if she survived him, there was brought about a change of beneficiary and not an assignment of the policies.

2. That it was not the intention of the insured to assign the policies is evident from the fact that he retained his interest in the event of his sister predeceasing him.

Case stated. C. P. No. 5, Phila. Co., March T., 1926, No. 1179.

J. W. Henderson and W. W. Paul, for insurance company.

P. F. Rothermel, Jr., for claimant.

MARTIN, P. J., July 16, 1926.—Felix Eckerson died Oct. 31, 1925, leaving a will which was duly probated, and letters testamentary were granted to Jules W. Eckerson and Elizabeth S. Eckerson.

Decedent had insured his life in the New England Mutual Life Insurance Company for the sum of $5000, under the terms of two policies, which provided that at the expiration of forty-seven years from the dates of the policies the company would pay to the insured the face of the policies, or, if he died before that time, the payment would be made to his executors or administrators.

He paid the premiums until he died, but prior to his decease wrote a request which he directed to the insurance company that the policies be made payable to his sister, Betty Eckerson, if she survived him. The insurance company endorsed upon each policy, over the signature of the secretary of the com-

Myers v. Eckerson.

pany: "It is hereby agreed that the amount insured in this policy shall be payable to Betty Eckerson, sister of Felix Eckerson, the insured, if she shall survive him, in case of his decease during the endowment period, otherwise payable to the said Felix Eckerson at the end of the endowment period."

The insured retained possession of the policies and continued to pay the premiums after the change of beneficiary had been noted.

After his death claim was made upon the insurance company by the executors, and also by the sister as beneficiary.

The insurance company was permitted to interplead and pay the money into court.

This issue was framed in which the sister is plaintiff and the executors are defendants.

Defendants claim that the change of beneficiary directed by the insured was an attempt to assign the policies, which was invalid by reason of a failure to deliver them to the assignee.

The plaintiff claims that there was no assignment of the policies attempted, but a change of beneficiary, which was accepted and agreed to by the company.

The policies made no provision specifically for either an assignment or change of beneficiary, except to provide that an assignment would be void unless assented to in writing by the company.

That it was not the intention of the insured to assign the policies is apparent from the fact that he retained his interest in the event of his sister predeceasing him, and that she was to become the beneficiary only in case she survived him.

The language employed and the means pursued indicate his intention to change the beneficiary without assigning the policies.

And now, to wit, July 16, 1926, judgment is entered for plaintiff in the sum of $5119.37.